UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-091-TSZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| HARMINDER SINGH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

Smuggle and Transport Illegal Aliens

<u>Date of Detention Hearing</u>:   April 17, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)   Defendant has been indicted for transporting an alien from Canada into the United

States illegally. The AUSA represents that the offense was conducted on the part of an organization that smuggled 54 persons into the United States from India and Pakistan, and that one individual accused of participating in the operation has already fled to Pakistan.

(2) Defendant is in the United States legally on a student visa. The AUSA represents that his visa will be revoked and he will be required to return to India after a hearing if the instant charges are established.

(3) Defendant has strong ties to India. He has family in that country, and his wife and 15 year old son resided in India until 9 to 10 months ago, when they came to this country.

(4) Defendant does not pose a risk of danger. However, he does pose a risk of nonappearance based on his status as a native and citizen of India who is in this country on a student visa, his strong family ties to India, the nature of the instant charges involving covert entrance into the United States, and possible deportation if convicted on the instant charges.

(5) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 17th day of April, 2006.

Mary Alice Theiler
United States Magistrate Judge